**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

James Millholland,                          )
                                            )
           Plaintiff,                        )
                                            )    Civil Action No. 8:20-cv-4368-TMC
    v.                                   )
                                            )    **ORDER**
                                            **)**
Abbeville County,                           )
                                            )
           Defendant.                        )
_____)

Plaintiff James Millholland, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action against Defendant under 42 U.S.C. § 1983 alleging primarily that his constitutional right of access to the courts was violated when his request to proceed *in forma pauperis* in state court was denied. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. The magistrate judge issued a Report and Recommendation ("Report") recommending that the court dismiss Plaintiff's action without issuance and service of process for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine. (ECF No. 9 at 5–7). Additionally, the magistrate judge concluded that Plaintiff failed to state a viable claim against Defendant Abbeville County as he failed to identify "a policy or custom of Abbeville County that deprived him of a constitutional right."

1

*Id*. at 8.  Plaintiff was advised of his right to file specific objections to the Report, *id*. at 11, but he failed to do so.  The time for Plaintiff to object to the Report has now expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'"  *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court finds that Plaintiff's case is subject to dismissal for the reasons set forth in the Report. Accordingly, the court **ADOPTS** the Report (ECF No. 9), which is incorporated herein. This action is hereby **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 26, 2021

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.