## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ANDERSON/GREENWOOD DIVISION

James Millholland,        )
                              )
        Plaintiff,      )
                              )     Civil Action No. 8:20-cv-4368-TMC
v.                   )
                              )     **ORDER**
                              )
Abbeville County,       )
                              )
        Defendant.    )
_____)

### I.

Plaintiff James Millholland, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action against Defendant under 42 U.S.C. § 1983 alleging primarily that his constitutional right of access to the courts was violated when his request to proceed *in forma pauperis* in state court was denied. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. The magistrate judge issued a Report and Recommendation ("Report") recommending that the court dismiss Plaintiff's action without issuance and service of process for lack of jurisdiction pursuant to the *Rooker-Feldman*[1] doctrine. (ECF No. 9 at 5–7). Additionally, the magistrate judge concluded that Plaintiff failed to

---

[1] *See Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

state a viable claim against Defendant Abbeville County as he failed to identify "a policy or custom of Abbeville County that deprived him of a constitutional right." *Id*. at 8. Plaintiff was advised of his right to file specific objections to the Report, *id.* at 11, but he has failed to do so.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court finds that Plaintiff's case is subject to dismissal for the reasons set forth in the Report. Accordingly, the court **ADOPTS** the Report (ECF No. 9), which is incorporated herein. This action is hereby **DISMISSED** *without prejudice* and without issuance and service of process.

## II.

On January 5, 2021, the magistrate judge entered the Report which contained a notice explaining Plaintiff's right to file specific objections to the Report and advising Plaintiff of the consequences for failing to do so in the time specified by the notice—within fourteen (14) days of the date of service of the Report. (ECF No. 9 at 11). Also, on January 5, 2021, the Report with the attached notice was mailed to Plaintiff at the address he provided the court. (ECF No. 10). Plaintiff's objections to the Report were due on January 22, 2021, including the three additional days for service by mail. On January 26, 2021, having received no objections, the court entered an order adopting the Report and dismissing this action without prejudice and without issuance and service of process, (ECF No. 12), and judgment was entered, (ECF No. 13).

On February 16, 2021, the court received a motion from Plaintiff styled as a motion to alter or amend averring that he received the Report after the deadline to file objections had already expired and requesting a 30-day extension to file

objections. (ECF No. 15). On July 29, 2021, the court granted the motion and afforded Plaintiff thirty (30) additional days to file objections to the Report. (ECF No. 20). The order granting Plaintiff's request for an extension was mailed to Plaintiff at the address he provided the court. (ECF No. 21).

On August 27, 2021, before the extension of time granted by the court had expired, the court received another motion from Plaintiff requesting a second thirty-day extension of time to file objections to the Report on the alleged basis that prison officials delayed in providing him the court's July 29, 2021 order and, therefore, deprived him of the full benefit of the 30-day extension. (ECF No. 23). On the same day, the court granted Plaintiff's request for thirty additional days to object, (ECF No. 25), and mailed the order to Plaintiff at the address he provided the court (ECF No. 26). Accordingly, Plaintiff's objections were due on October 4, 2021, which accounts for the three additional days afforded Plaintiff under Rule 6(d) of the Federal Rules of Civil Procedure for service by mail.

This additional period of time has expired as well. To date, Plaintiff has not submitted objections to the Report. Instead, on October 12, 2021, the court received another motion for a thirty-day extension. (ECF No. 28). Plaintiff's motion provides no explanation for his latest request for an extension except to state that he is "without knowledge of the law." *Id.* Plaintiff does not contend that he was prevented from filing his objections by dilatory activities on the part of prison officials or by

4

other events outside of his control. *Id*. Although the court liberally and routinely grants extensions to *pro se* litigants, as reflected by the procedural history of this case, the circumstances here do not warrant doing so again.  At least seven and a half months have elapsed since Plaintiff first received the Report, and nearly three months have elapsed since the court first granted an extension of time for Plaintiff to file objections to the Report.  The court, therefore, **DENIES** Plaintiff's third motion for an extension of time to file objections. (ECF No. 28).

III.

Accordingly, the court **ADOPTS** the Report (ECF No. 9), which is incorporated herein. This action is hereby **DISMISSED** *without prejudice* and without issuance and service of process.  This order supersedes the court's previous order (ECF No. 12) to account for the additional time afforded Plaintiff to file objections and to provide Plaintiff an opportunity to appeal if he so chooses.  The Clerk of Court, therefore, is directed to vacate the court's previous order (ECF No. 12) and judgment (No. 13).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
October 20, 2021

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.